**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

EDWARD LOVELESS
ADC #130502                                                                                                    PLAINTIFF

V.                                          5:08CV00063 JLH/JTR

LANETTE BRITT-WOLFE,
Mail Clerk, Delta Regional Unit, et al.                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

  1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently confined at the Grimes Unit of the Arkansas Department of Correction ("ADC"), has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights while he was incarcerated at the Delta Regional Unit. *See* docket entry #2. Defendants have filed a Motion to Dismiss and a Brief in Support, to which Plaintiff has filed a Response. *See* docket entries #11, #12, and #26. For the reasons set forth herein, the Court recommends that the Motion be granted, and that this case be dismissed, without prejudice.[1]

---

[1] The Court is mindful that a motion to dismiss should be granted if, assuming the truth of the factual assertions made in the complaint, a plaintiff has failed to state a viable claim as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Specifically, the plaintiff must assert facts that affirmatively suggest, beyond the speculative level, that he or she is entitled to relief, and mere factual conclusions or a formulaic recitation of the elements of the cause of action are insufficient. *Twombly*, 127 S. Ct. at 1964-66 (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss

## II. Discussion

In this action, Plaintiff alleges that Defendant Mail Clerk Lanette Britt-Wolfe and two John Doe Defendants infringed his constitutional right to access the courts when they delayed delivering his mail to the United States Supreme Court. *See* docket entry #2. Defendants argue, among other things, that this case must be dismissed because Plaintiff failed to exhaust his administrative remedies. *See* docket entries #11 and #12. This argument is well taken.

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 127 S. Ct. 910, 923 (2007);[2] *see also Woodford v. Ngo*, 126 S. Ct. 2378, 2385-87 (2006). Importantly, the Eighth Circuit has clarified that the PLRA requires inmates to: (1) fully[3] and properly exhaust their administrative remedies as to *each claim* mentioned in the complaint; and (2)

---

in a § 1983 action, a *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

[2] In *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007), the Supreme Court emphasized that: "There is no question that exhaustion is *mandatory* under the PLRA and that unexhausted claims cannot be brought in court." (Emphasis added.)

[3] To fully exhaust administrative remedies within the ADC, an inmate must: (1) submit an informal resolution form; (2) file a grievance if the informal resolution attempt is unsuccessful; (3) appeal the denial of that grievance to the Warden; and (4) appeal the Warden's decision to the ADC Deputy/Assistant Director. *See* ADC Adm. Dir. 04-01 § IV(E) through (G) (February 1, 2004).

complete the exhaustion process *prior* to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

Defendants have submitted an Affidavit from the ADC Inmate Grievance Supervisor stating that the ADC does not have any record of Plaintiff filing a grievance about the alleged delay in the delivery of his mail. *See* docket entry #12, Ex. C. Additionally, Plaintiff *concedes* (in his Complaint and Response to Defendants' Motion to Dismiss) that he did not file any grievances about the matter. *See* docket entry #2 at 3-4 and docket entry #26 at 4 -7.

Plaintiff gives two explanations for his failure to exhaust administrative remedies. First, he contends that he did not attempt exhaustion because damages are not recoverable in the prison grievance procedure. *See* docket entry #26. However, the U. S. Supreme Court squarely rejected this argument in *Booth v. Churner*, 532 U.S. 731, 736-41 (2001), by holding that the PLRA requires an inmate to complete the administrative prison grievance process even when that process does not permit an award of monetary damages. *See also Woodford*, 126 S. Ct. at 2382-83; *Foulk v. Charrier*, 262 F.3d 687, 695 (8th Cir. 2001).

Second, Plaintiff states that he did not attempt exhaustion because it would be futile to do so as the prison could not force the U.S. Supreme Court to accept his untimely filed pleading. *See* docket entry #26. It is well settled that a prisoner's subjective belief as to whether the exhaustion procedures were applicable or available to him is irrelevant. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005); *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002). More importantly, the Eighth Circuit has held that a lack of exhaustion will be excused *only* if the prisoner demonstrates that defendants hindered or thwarted his exhaustion efforts. In this case, Plaintiff has not raised any such allegations. *See Gibson*, 431 F.3d at 341; *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

Thus, the Court finds no merit to either of Plaintiff's explanations. Accordingly, Defendants' Motion to Dismiss should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendants' Motion to Dismiss (docket entry #11) be GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to exhaust his administrative remedies.

2.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 2nd day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE