**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

EDWARD LOVELESS
ADC #130502                                                                                    PLAINTIFF

V.                                        5:08CV00063 JLH/JTR

LANETTE BRITT-WOLFE,
Mail Clerk, Delta Regional Unit, et al.                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently confined at the Grimes Unit of the Arkansas Department of Correction ("ADC'), has filed a Motion asking the Court to reconsider the May 19, 2008 dismissal of this *pro se* § 1983 action. *See* docket entry #33. For the reasons set forth herein, the Court recommends that the Motion be denied.[1]

## II. Discussion

In this action, Plaintiff alleges that Defendant Mail Clerk Lanette Britt-Wolfe and two John Doe Defendants infringed his constitutional right to access the courts when they delayed in delivering his mail to the United States Supreme Court in August of 2007. *See* docket entry #2. On

---

[1] On May 30, 2008, the Honorable J. Leon Holmes, United States Chief District Judge, referred the Motion to this Court for a recommended disposition. *See* docket entry #34.

May 19, 2008, the Court dismissed this action, without prejudice, because Plaintiff failed to fully and properly exhaust his administrative remedies. *See* docket entries #27, #30, and #31. In the current Motion, Plaintiff has set forth several reasons why he believes the Court should reconsider that ruling.

First, Plaintiff has come forward, for the first time, with *numerous* exhausted and unexhausted grievances. *See* docket entries #29, attachments; docket entry #33, attachments. Although many of those grievances deal with *other* problems Plaintiff has *previously* had with the mail room at the Cummins Unit and the Delta Regional Unit, *none* of those grievances deals with the salient issue in this case, which is whether Defendants delayed in delivering his mail to the Supreme Court in August of 2007. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (holding that a prisoner must exhaust his or her administrative remedies in regard to the specific claim raised in the complaint).

Second, Plaintiff contends that he orally discussed the matter with Defendants and gave them an unspecified form of "written notice" warning them that he intended to pursue legal action if his mail was untimely delivered. *See* docket entry #33 at 2. However, the Supreme Court has clarified that a prisoner must fully and properly comply with the procedural requirements set forth in their particular prison's grievance system, and it is clear Plaintiff did not do so in this case.[2] *See Jones v. Bock,* 127 S.Ct. 910, 923 (2007); *see also Woodford v. Ngo*, 126 S.Ct. 2378, 2385-87 (2006).

---

[2] To fully exhaust administrative remedies within the ADC, a prisoner must: (1) file an informal resolution form; (2) file a grievance if the informal resolution attempt is unsuccessful; (3) appeal the denial of that grievance to the Warden; and (4) appeal the Warden's decision to the ADC Deputy/Assistant Director. *See* ADC Adm. Dir. 04-01 § IV(E) through (G) (February 1, 2004).

Third, Plaintiff argues that, although he did not exhaust his administrative remedies as to Defendant Brit-Wolfe, the Court should not have dismissed the John Doe Defendants. Plaintiff has raised the *same* claim against all Defendants named in this action. As previously explained, Plaintiff has not filed any grievances against *any defendants* about the alleged delay in delivering his mail to the Supreme Court in August of 2007.

Fourth, Plaintiff continues to argue that the prison grievance system was not an "available" administrative remedy, as defined by the PLRA, because he could not obtain monetary damages or injunctive relief (*i.e.*, a finding that his petition to the United States Supreme Court was timely filed) within the prison grievance system. As previously explained to Plaintiff, the Supreme Court rejected those arguments in *Booth v. Churner*, 532 U.S. 731 (2001). *See* docket entry #27. Prisoners must raise and fully exhaust their claims within the prison system – even if that system cannot give them the type of relief that they request – so that the prison will be aware of the matter and have an opportunity to correct it. Once a prisoner has properly and fully exhausted the matter within the prison system, he or she may then come to court to obtain their desired from of relief.

Finally, Plaintiff seems to contend that he will not be able to appeal the dismissal of this action because the Court certified, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith. To the contrary, Plaintiff can appeal by either: (1) paying the $455 appellate filing fee in full; or (2) filing, with the *Eighth Circuit Court of Appeals*, an Application to Proceed *In Forma Pauperis* on Appeal that complies with Fed. R. App. Pro. 24(a)(5).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's Motion for Reconsideration (docket entry #33) be DENIED.

      2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 6th day of June, 2008.

                                                                       _____
                                                                       UNITED STATES MAGISTRATE JUDGE